[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (#113)
Before the court is the defendant's motion to strike. For the following reasons, the court grants the defendant's motion.
 I. BACKGROUND
The plaintiffs in the present case are Jill K. and John R. Gustaitis, as co-administrators of the estate of Trevor Gustaitis, and Jill K. and John R. Gustaitis, individually. The present action is filed against the CT Page 8591 defendant, Middlesex Hospital. The plaintiffs' amended complaint alleges the following facts. On May 14, 1999, Jill Gustaitis was admitted to Middlesex Hospital in preparation for the birth of her unborn child, Trevor Gustaitis. Jill Gustaitis was scheduled for a pre-planned cesarean section. The hospital caused, allowed, or permitted Jill Gustaitis to attempt a vaginal delivery during which she and the child suffered severe injuries which caused the child's death.
The plaintiffs filed their amended complaint on January 28, 2002. Count one alleges negligence against the defendant on behalf of the child. In count two, Jill Gustaitis, individually, alleges that the defendant is liable for negligence, which caused her to suffer injuries. Count three alleges a claim of bystander emotional distress by John Gustaitis. He claims that he was present in the hospital, and in the delivery room, and witnessed the defendant's negligent acts and/or omissions. As a result, he alleges that he suffered emotional distress.
On February 7, 2002, the defendant filed a motion to strike count three of the amended complaint and submitted a memorandum of law in support of its motion. The plaintiffs timely filed an objection. The court heard oral argument on April 29, 2002, and now issues this memorandum of decision.
 II. STANDARD OF REVIEW
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). The court must "take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Vacco v. MicrosoftCorp., 260 Conn. 59, 65, 753 A.2d 927 (2002). "Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Citation omitted; internal quotation marks omitted.) Gazo v. City of Stamford,255 Conn. 245, 260, 765 A.2d 505 (2001). In reviewing a motion to strike, the court is limited to the grounds set forth in the motion. See Blancato v. Feldspar Corp., 203 Conn. 34, 44, 522 A.2d 1235
(1987). CT Page 8592
 III. DISCUSSION
The defendant moves to strike count three of the plaintiffs' amended complaint on the ground that the plaintiffs failed to assert a legally sufficient claim upon which relief can be granted. The defendant argues that Connecticut does not recognize a cause of action for bystander emotional distress in the context of a medical malpractice action. It further argues that, even if the court was to recognize a cause of action for bystander emotional distress in the present case, the plaintiffs failed to allege a contemporary sensory perception, as required under the rule set forth in Clohessy v. Bachelor, 237 Conn. 31, 675 A.2d 852
(1996). The defendant also argues that count three does not state a sufficient cause of action because the plaintiffs have not alleged a health care provider-patient relationship between John Gustaitis and the defendant.
On January 14, 2002, the defendant moved the court to consolidate this case with that of the plaintiffs' separate action against Jill Gustaitis' obstetrician. See Gustaitis, et al. v. Bingham, et al., Superior Court, judicial district of Middlesex, Docket No. 092522. The court granted the defendant's motion on that same day. In that case, on August 2, 2000, the obstetrician moved to strike the same claim that the hospital in this case seeks to have stricken. On August 24, 2000, the court, Gordon, J., denied the motion on the ground that a bystander who has alleged the four factors set forth in Clohessy v. Bachelor, supra, 237 Conn. 31, may bring a claim for bystander emotional distress.[1]
In support of the motion, the defendant relies on Maloney v. Conroy,208 Conn. 392, 393, 545 A.2d 1059 (1988), where the Supreme Court expressly refused to recognize a cause of action for bystander emotional distress in the medical malpractice context. The defendant maintains thatMaloney is still good law, even in light of the Supreme Court's subsequent decision in Clohessy v. Bachelor, 237 Conn. 31, 675 A.2d 852
(1996), in which the court stated that as a general matter, claims for bystander emotional distress are allowable provided that certain criteria are met. The defendant argues in its memorandum that while Clohessy does hold that Connecticut courts will recognize a cause of action for bystander emotional distress provided that four factors are sufficiently pleaded by the plaintiff, this holding does not limit or modify the court's holding in Maloney. The defendant argues that nowhere inClohessy did the court expressly overrule Maloney nor did it give any indication that its decision would be applicable to medical malpractice actions.
The plaintiffs counter that Connecticut does recognize a cause of CT Page 8593 action for bystander emotional distress in medical malpractice cases. In support of their position, the plaintiffs rely on Clohessy. In Clohessy, the court held that "a plaintiff should be allowed to recover, within certain limitations, for emotional distress as a result of harm done to a third party." Clohessy v. Bachelor, supra, 237 Conn. 49. The Supreme Court established four factors that a plaintiff must allege in order to establish a claim for bystander emotional distress: (1) the bystander must be closely related to the injured party; (2) the bystander's emotional injury must be caused by the contemporaneous sensory perception of the event or conduct that causes the injury; (3) the injury to the victim must be substantial, resulting in either death or serious physical injury; and (4) the bystander must have sustained a serious emotional injury. Id., 52-56. The plaintiffs argue in their memorandum that they have alleged a legally sufficient cause of action for bystander emotional distress because they have alleged in their amended complaint all four of the requirements set forth in Clohessy.
This court acknowledges that there is a split of authority among the superior courts as to whether Connecticut recognizes a claim for bystander emotional distress in the context of a medical malpractice action. One line of cases holds that Maloney v. Conroy, supra,208 Conn. 392, was either overruled by Clohessy v. Bachelor, supra,237 Conn. 31, or that it is only narrowly applicable to its limited factual circumstances. Those cases permit claims for bystander emotional distress in any action, including medical malpractice, as long as the plaintiff has sufficiently pleaded the four factors set forth inClohessy. See Turner v. Obstetrics Gynecology Assoc., Superior Court, judicial district of Stamford, Docket No. 169616 (September 6, 2001,D'Andrea, J.); Derosa v. Master, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 067788 (August 24, 2000, Nadeau,J.) (27 Conn.L.Rptr. 714); Huhn v. Golstone-Orly, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 352421 (February 10, 2000, Melville, J.) (26 Conn.L.Rptr. 535); Estate of Davis v.Yale-New Haven Hospital, Superior Court, judicial district of New London at New London, Docket No. 548382 (January 27, 2000, Corradino, J.) (26 Conn.L.Rptr. 481); Drew v. William Backus Hospital, Superior Court, judicial district of New London at New London, Docket No. 550724 (September 30, 1999, Hurley, J.T.R.) (25 Conn.L.Rptr. 534); Pollard v.Norwalk Hospital, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 355354 (February 19, 1999, Skolnick, J.); Rios v.Kozlowski, Superior Court, judicial district of Hartford, Docket No. 576510 (August 24, 1998, Teller, J.) (22 Conn.L.Rptr. 564); Bond v.Kalla, Superior Court, judicial district of New London at New London, Docket No. 543295 (April 13, 1998, Koletsky, J.) (21 Conn.L.Rptr. 682). CT Page 8594
The other line of cases holds that, because Clohessy did not explicitly overrule Maloney, Maloney is still good law, and accordingly, a plaintiff may not bring a claim of bystander emotional distress in the context of a medical malpractice action. See Pedro v. St. Mary's Hospital, Superior Court, judicial district of Waterbury, Docket No. 163145 (November 13, 2001, Rogers, J.); Wattman v. New Hartford Volunteer Fire Dept., Superior Court, judicial district of Waterbury at Waterbury, Docket No. 156795 (October 10, 2001, Rogers, J.) (30 Conn.L.Rptr. 554); Chavarria v.Stamford Health System, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 175976 (June 28, 2001, Karazin,J); Baranowski v. St. Mary's Hospital, Superior Court, judicial district of Waterbury, Docket No. 148905 (February 20, 2001, Doherty, J.); Zygmontv. Stamford Health Systems, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 176423 (November 30, 2000,Lewis, J.); Gousse v. Connecticut Children's Medical, Superior Court, judicial district of Hartford, Docket No. 587675 (August 9, 2000,Hennessey, J.); Cromwell v. Hendessi, Superior Court, judicial district of Tolland at Rockville, Docket No. 068215 (October 6, 1999, Sullivan,J.); Wildman v. Conn. Allergy Asthma Assoc., Superior Court, judicial district of Fairfield, Docket No. 334473 (December 16, 1996, Levin, J.).
This court agrees with Judge Rogers' decision in Wattman v. NewHartford Volunteer Fire Dept., supra, Superior Court, Docket No. 156795, and finds that Clohessy did not overrule or limit Maloney. In Wattman, Judge Rogers, in granting the defendants' motion to strike the plaintiffs' claim of bystander emotional distress, discussed Maloney and whether it is still good law in light of Clohessy. She stated that "[t]he Supreme Court . . . reaffirmed the Maloney holding in Mendillo v. Boardof Education, 246 Conn. 456, 717 A.2d 1177 (1998)." Wattman v. NewHartford Volunteer Fire Dept., supra, Superior Court, Docket No. 156795. In Mendillo, the Supreme Court declined to recognize a claim for loss of parental consortium by minor children' resulting from serious injuries to the children's parents. Mendillo v. Board of Education, supra,246 Conn. 457. The minor plaintiffs asked the court to apply its logic inClohessy and find that the time was ripe for the state to recognize an action for loss of parental consortium. Mendillo v. Board of Education, supra, 246 Conn. 479. The court declined to do so for the policy reasons set forth in Maloney. Id., 492.
The Supreme Court in Maloney was concerned that if it created a duty to a patient's visitors or relatives "medical personnel may feel obligated to respond to the usually uninformed complaints of visitors concerning the treatment of patients more for fear of stimulating emotional disturbances upon the part of the visitor than because of the merits of the complaint." Maloney v. Conroy, supra, 208 Conn. 403. In addition, the court stated that "[m]edical judgments as to the appropriate treatment of CT Page 8595 a patient ought not to be influenced by the concern that a visitor may be come upset from observing such treatment or from the failure to follow some notion of the visitor as to care of the patient. The focus of the concern of medical care practitioners should be upon the patient and any diversion of attention or resources to accommodate the sensitivities of others is bound to detract from that devoted to patients." Id.
"[U]ntil the rule in Maloney is reversed, modified, or limited by the Supreme Court, a cause of action for bystander emotional distress in medical malpractice cases is not recognized." Wattman v. New HartfordVolunteer Fire Dept., supra, Superior Court, Docket No. 156795. See also, Perodeau v. Hartford, 259 Conn. 729, 756, 791 A.2d 552 (2002) (citing Maloney). "The opinions of the Supreme Court of Connecticut are binding upon the Superior Court, and the rule of the [Maloney] case is clear and explicit. Until it is reversed, changed or modified by the Supreme Court, this court must follow it." Wildman v. Conn. Allergy Asthma Assoc., supra. Thus, the defendant's motion to strike count three of the amended complaint is granted.[2]
It is so ordered.
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT